# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ABCO REFRIGERATION SUPPLY CORP. | : | |
| Plaintiff | : | |
| | : | Case No: 3:02cv1893 (PCD) |
| vs. | : | |
| | : | |
| | : | |
| DSM, INC. and MARTHA L. PELLECHIA, | : | |
| Defendants. | : | |

## RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS' FEES

Plaintiff moves for default judgment and attorneys' fees.  For the reasons stated herein, Plaintiff's Motion is **granted** in part, **denied** in part.

## I.    BACKGROUND:

This case arises from a contract dispute concerning refrigeration and air conditioning equipment.  On September 29, 2003 a default was entered against Defendants and Plaintiff was directed to seek judgment on the default.  See Order Entering Default [Doc. No. 20]. Additionally, Defendants were sanctioned for failure to comply with an order to disclose assets and Plaintiff was directed to file a motion for attorneys' fees in connection with its efforts to compel compliance.  See Ruling on Motion to Compel Disclosure of Assets at 1 [Doc. No. 16]. Plaintiff has filed such motions and is seeking $84,356.04 in damages based on the value of the services provided, as well as $34,079.84 in interest (at 2% per month measured from January 8, 2002) and attorneys' fees in the amount of $2,702.89.

1

II.    **STANDARD OF REVIEW:**

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." <u>Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992), <u>cert</u> <u>denied</u> 506 U.S. 1080, 122 L. Ed. 2d 357, 113 S. Ct. 1049 (1993) (citation omitted).  When determining damages, a district court "may conduct such hearings or order such references as it deems necessary."  Fed. R. Civ. P. 55(b)(2).  However, a hearing is not necessary so "long as [the district court] ensure[s] that there [is] a basis for the damages specified in the default judgment.  <u>Transatlantic Marine Claims Agency v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997).  "Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." <u>Greyhound Exhibitgroup</u>, 973 F.2d at 158.

A party seeking attorneys' fees must provide records of "the date, the hours expended, and the nature of the work done."  <u>New York State Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136, 1148 (2d Cir.1983).  An award is determined by multiplying the amount of hours reasonably expended on the litigation by a reasonable hourly rate.  <u>See</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983).  Fee applicants must "produce satisfactory evidence - in addition to the attorneys' own affidavits - that the requested rates are in line with those prevailing in the community for similar lawyers of reasonably comparable skill, experience, and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 895-96 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).  The award may be based in part on hourly rates charged in a community and is not limited to the submitted evidence.  <u>Miele v. N.Y. State Teamsters Conf. Pension & Ret.</u>

2

Fund, 831 F.2d 407, 409 (2d Cir. 1987). If no substantiation is supplied, rates will be assigned

based on knowledge of rates charged by counsel in this District. See e.g. Smart S.M.R. of N.Y.,

Inc., v. Zoning Comm'n of Stratford, 9 F. Supp. 2d 143, 150 (D. Conn.1998); Evans v. Conn.,

967 F. Supp. 673, 691-92 (D. Conn.1997).

## III.   DISCUSSION:

With regard to damages under the contract, Plaintiff does not submit any documentation

with its' Motion for Default Judgment establishing entitlement to the $84,356.04 it seeks.

Plaintiff does not attach a copy of the contract or proof of expenditures under the contract.

Plaintiff did attach some documentation to its initial Application for Prejudgment Remedy

already ruled on. Such documentation should have been submitted again in connection with the

Motion currently pending. Nevertheless, the contract does bind the relevant parties and provide

financial responsibility for any services rendered under it, specifying that interest at 2% per

month will be charged on past due invoices. See Pl. App. for Prejudg. Remedy, Exh. 2A.

Attached to the same document, Plaintiff submits what appears to be an invoice for services

rendered to Defendants under the contract. See Id. at Exh. 1A. The final sum of $84,356.04

matches that amount Plaintiff seeks and is entered on January 8, 2002, the date from which

Plaintiff seeks interest, but there is no explanation of the charges and it is nowhere established

that these charges are actually related to services rendered under the contract.[1]  Based on this

---

[1]      Additionally, it is not apparent that interest should be measured from January 8, 2002. While the
final entry on the invoice is dated January 8, the contract provides that payments are due on the
tenth day of the following month on all invoices, thus suggesting that interest would not begin to
accrue before February 10, 2002. Plaintiff should clarify this discrepancy and provide further
accounting of the interest payments sought.

record, damages in the sum Plaintiff seeks are not appropriate,[2] see Transatlantic Marine Claims
Agency, 109 F.3d at 111 (requiring the district court to "ensure that there [is] a basis for the
damages specified in the default judgment"), and Plaintiff's Motion is **denied** with respect to
contractual damages.  It is unlikely, however, that a hearing will be required to resolve the issue
and Plaintiff is therefore directed to file further documentation performance under the contract
and charges imposed on or before April 13, 2004, at which time the request for damages under
the contract will be reconsidered.

As to Plaintiff's request for attorneys' fees, Plaintiff submits documentation of the hours
worked on the Motion to Compel and the rates charged, but does not submit the appropriate
documentation establishing the rates as reasonable.  See Blum v. Stenson, 465 U.S. at 895-96
n.11 (requiring production of evidence beyond the attorney's own affidavits).  Thus, it is up to the
Court to determine reasonable rates.  See Miele v. New York State Teamsters Conference
Pension & Retirement Fund, 831 F.2d 407, 409-10 (2d Cir. 1987) (it is not inappropriate to for a
district judge to rely on knowledge of local rates at private firms).  Plaintiffs submit fees for four
different attorneys:

| | | |
|---|---|---|
| Thomas J. Finn | $225.00 per hour | 1.6 hours worked |
| Christopher M. Parent | $175.00 per hour | 1.5 hours worked |
| Andrew N. Krinsky | $240.00 per hour | .40 hours worked |
| Daniel Chiu | $150.00 per hour | 12.9 hours worked |

---

[2]  The Court did grant Plaintiff's Application for Prejudgment Remedy, see Endorsement Order,
January 22, 2003 and Order for Prejudgment Remedy January 24, 2003 [Doc. No. 12], but this
does not establish actual entitlement to the remedy sought.  See Conn. Gen. Stat. § 52-278a, et seq
(requiring only probable cause that a judgment in the amount sought will be awarded); Pl. App. for
Prejudg. Remedy at 1(asserting probable cause).

The rates are within the range of reasonable fees for services rendered in this district.  See e.g. Conn. State Dep't of Soc. Servs. v. Thompson, No. 3:00cv2020 (SRU), 2003 U.S. Dist. LEXIS 18987, at *14-18 (D. Conn. Oct. 23, 2003) (collecting cases and finding $375 to be reasonable); Lamson v. Blumenthal, No. 3:00cv1274 (EBB), 2003 U.S. Dist. LEXIS 24785, at *5 (D. Conn. Oct. 3, 2003) (fee of $250 is reasonable); and Ceraso v. Motiva Enters., LLC, No. 3:01cv193 (PCD), 2002 U.S. Dist. LEXIS 26782, at *9-10 (D. Conn. Dec. 2, 2002) (finding rates between $150–225 reasonable).  However, the district court must also ensure that hours worked are reasonable.  Hensley, 461 U.S. at 433.  Based the documentation provided, Attorney Chiu appears to have researched and written the Motion to Compel, with Attorneys Finn, Parent, and Krinsky largely providing review of the document.  See Aff. of Thomas Finn Supp. Request for Atty. Fees, Exh. A; Aff. of Daniel Chiu Supp. Pl. Claim for Atty. Fees, Exh. A.  Attorney Parent also submitted an affidavit in support of the Motion.  See Aff. of Christopher Parent Supp. Mot. to Compel.  Four different attorneys working for approximately 16.5 hours on one relatively short motion to compel is not a reasonable number of hours.  Accordingly, Plaintiff's request for attorneys' fees is **granted** with respect to Attorneys' Chiu's and Parent's work, both of whom produced the bulk of the written work product, and **denied** with respect to Attorneys Finn andKrinsky.  Plaintiff's are awarded attorneys' fees in the amount of **$2,247.16**.[3]

IV.    **CONCLUSION:**

For the reasons stated herein, Plaintiff's Motion for Default Judgment [Doc. No. 21] is **granted** in part, **denied** in part.  Plaintiff shall file further clarification of the damages and

---

[3]     $262.50 (for Christopher Parent's work) + $1,935 (for Daniel Chiu's work) + 49.66 (miscellaneous postage and copying fees) = $2,247.16.

interest it seeks on the contract on or before April 13, 2004.  Attorneys' fees are awarded in the

amount of $2,247.16.

      SO ORDERED.

Dated at New Haven, Connecticut, March  31 , 2004.

/s/
_____
Peter C. Dorsey, U.S. District Judge
United States District Court