

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ABCO REFRIGERATION SUPPLY CORP.       :

V.                                   :          Civil No. 3:02 cv 1893 (PCD)

DSM, INC. and MARTHA L. PELLECCHIA    :

### MOTION FOR EMERGENCY HEARING ON APPLICATION
### TO SUBSTITUTE BOND WITH SURETY FOR JUDGMENT LIENS

The defendant, Martha L. Pellecchia (the "Defendant"), hereby moves this Court for

an order granting an emergency hearing on her Application to Substitute Bond with Surety

for Judgment Liens filed simultaneously herewith (the "Application"). In support hereof, the

Defendant respectfully represents as follows:

1.      The Defendant and her husband, Joseph J. Pellecchia, Sr. ("Mr. Pellecchia")

are joint owners of the property known as 170 Geer Road, Killingly, Connecticut. Since

purchasing said property, the land that comprises 170 Geer Road has been subdivided into

four lots, which lots are known as Lot 1, Lot 2, Lot 3 and Lot 4. In November 2004 and

March 2005, the Defendant and Mr. Pellecchia entered into Land and Purchase Sale

Agreements to sell Lot 2 and Lot 3, respectively (the "Sale Contracts"). Pursuant to the Sale

Contracts, Lot 2 and Lot 3 (together, the "Properties") cannot be sold without a release of any

and all judgment liens encumbering them.

1

**ZEISLER & ZEISLER, P.C.** • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

2.      In April 2005, a title search was ordered on the Properties.  (Affidavit of Stephen M. Kindseth, ¶ 3)  The title searcher represented that the Properties were not encumbered by any judgment liens.  (Kindseth Aff. ¶ 4)  Wanting to ensure that the sale of the Properties would not be lost on the eve of closing, the Defendant requested that the title searcher recheck the land records for judgment liens.  (Kindseth Aff. ¶ 5)  Thereafter, as evidenced by the Commitment for Title Insurance attached hereto and incorporated herein as Exhibit A, the Defendant was again assured that no judgment liens were properly recorded against the Properties.  (Kindseth Aff. ¶ 6)

3.      On May 31, 2005, after her real estate attorney, Harry M. Arters, Esq., conducted an independent search of the Town of Killingly Land Records, the Defendant learned that three separate judgment liens were, in fact, properly recorded against the Properties.  (Kindseth Aff. ¶ 7)

4.      Pursuant to the Sale Contracts, the closing on the Properties must occur on or before Wednesday, June 15, 2005, or the sale of the Properties may be lost.  (Kindseth Aff. ¶ 8)

5.      The Defendant now requests an emergency hearing on the Application at the earliest possible date prior to June 15, 2005 so that the judgment liens may be substituted for a bond with surety, and the sale of the Properties will not be lost.

2

**WHEREFORE**, the defendant, Martha L. Pellecchia, respectfully requests that this

Court grant an emergency hearing on her Application to Substitute Bond with Surety for

Judgment Lien, and grant such other and further relief as this Court deems just and proper.

Dated this 3rd day of June, 2005 at Bridgeport, Connecticut.

THE DEFENDANT,
MARTHA L. PELLECCHIA


By: _Nicole L Barber_
Stephen M. Kindseth (ct14640)
Nicole L. Barber (ct22977)
ZEISLER & ZEISLER, P.C.
558 Clinton Avenue
P.O. Box 3186
Bridgeport, CT 06605-0186
(203) 368-4234
Her attorneys

3

# COMMITMENT FOR TITLE INSURANCE

## ISSUED BY



# FIRST AMERICAN TITLE INSURANCE COMPANY

1150 Summer Street, Stamford, CT 06905
Phone (203) 325-1555  Fax (203) 359-3505

## SCHEDULE A

**ORDER NO.:** CTSta147997R

**EFFECTIVE DATE:** April 15, 2005 at 5:00 p.m.

**ISSUED TO:** Zeisler & Zeisler

**ATTN:** Stephen M. Kindseth

**CLIENT NAME OR FILE NO.:** 9277

**TITLE VESTED IN:** Joseph J. Pellecchia, Sr. and Martha L. Pellecchia

**THE LAND REFERRED TO IN THIS COMMITMENT IS LOCATED AT:**

**170 Geer Road a/k/a 160 Geer Road, Killingly, Connecticut**

AND IS FURTHER DESCRIBED IN SCHEDULE A (DESCRIPTION) ATTACHED, AND IS SUBJECT TO THE MATTERS APPEARING IN SCHEDULE B ATTACHED.

**OWNER'S POLICY
INSURING** _____  $ _____

**LOAN POLICY
INSURING** _____  $ _____

**ENDORSEMENTS**
☐ Variable Rate          ☐ Secondary Market Affirmative Coverage
☐ Environmental          ☐ Condominium          ☐ Other

FIRST AMERICAN TITLE INSURANCE COMPANY, herein called the Company, for valuable consideration, hereby commits to issue its policy or policies of title insurance, in favor of the proposed insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefore; all subject to the provisions of Schedules A and B. This commitment shall be effective only when the identity of the proposed insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company or its agent, either at the time of the issuance of this Commitment or by subsequent endorsement. This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liabilities and obligations hereunder shall cease and terminate six (6) months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company, and the Company's liability shall be limited to the terms of its policy.

## FIRST AMERICAN TITLE INSURANCE COMPANY

By: 

Duly Authorized

S17

ORDER NO. CTSta147997R

# SCHEDULE A

# PROPERTY DESCRIPTION

ALL THAT CERTAIN piece or parcel of land, together with the buildings and improvements thereon, situated on the easterly side of Geer Road, in the Town of Killingly, County of Windham and State of Connecticut, bounded and described as follows:

BEGINNING at a point on the easterly side of Geer Road, so called, at the southwest corner of the herein described property and the northwest corner of property now or formerly of Joseph J. Pellecchia, Sr. and Martha L. Pellecchia; thence proceeding northerly along the easterly side of Geer Road, bound on the west by said Geer Road, a distance of 1000 feet more or less, to a point being the southwest corner of property now or formerly of Corliss J. Burlingame and Anna M. Burlingame; thence turning to the right, running 880 feet more or less along property of said Burlingame to a point and the northwest corner of property now or formerly of Leslie W. Dickinson and Jeannette M. Dickinson, bounded on the north by said Burlingame; thence turning to the right and running 380 feet more or less to the southwest corner of said Dickinson; thence turning to the left and running 440 feet more or less to the southeast corner of said Dickinson, the last two lines abutting easterly and northerly of said Dickinson; thence turning to the right and running 280 feet more or less along property now or formerly of Raymond M. Mailot and Ernestine M. Mailot and property now or formerly of Leslie W. Dickinson and Jeannette M. Dickinson to the southwest corner of said Dickinson and the northerly boundary of property now or formerly of United Electrical and Fuel Corp.; thence turning to the right and running 300 feet more or less to a point and the northwest corner of United Electrical and Fuel Corp.; thence turning to the left and running 649 feet more or less to a point and the southwest corner of United Electrical and Fuel Corp. bounded on the south and east by said United Electrical and Fuel Corp.; thence turning to the right and running 1000 feet more or less to a point and the southeast corner of Joseph J. Pellecchia and Martha L. Pellecchia, bounded on the south by United Electrical and Fuel Corp. and property now or formerly of Isidor Tarkinow and Sonia Tarkinow and Jack Krinick and Rae Krinick; thence turning to the right and running a distance of 365 feet more or less to a point; thence turning to the left and running 200 feet to a point and the place of beginning. Bounded on the west and south by said Pellecchia.

EXCEPTING THEREFROM those certain pieces & parcels of land, together with the buildings and improvements thereon, situated in the Town of Killingly, County of Windham and State of Connecticut, shown and designated as Lots #1, #2 and #3 on a certain subdivision plan entitled, "Subdivision Plan Prepared for Joseph J. Pellecchia, Sr. and Martha L. Pellecchia, Geer Road & Coomer Hill Road, Killingly, Connecticut, Scale 1"=100', dated 12/8/1993, Sheet 1 of 4, KWP Associates Surveying – Mapping – Engineering, Site Planning, Pomfret, Connecticut."

# SCHEDULE B

ORDER NO. CTSta147997R

Note:   Restrictions indicating a preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin are hereby deleted to the extent such as covenants, conditions or restrictions violate 42 USC 3604 ( c ).

Provided that document (s) creating the estate (s) or interest (s) to be insured are property executed and duly recorded, the Company will issue polices of title insurance containing the following exceptions, unless said exceptions are eliminated by the Company or by an agent acting on behalf of the Company.

1.   Rights of tenants and parties in possession.

2.   Any state of facts, which an accurate survey of personal inspection of the premises would disclose.

3.   Any lien, or right to lien, for services, labor or materials previously or hereafter furnished, imposed by law and not shown by the public record.

4.   Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public record or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires of record, for value, the estate or interest or mortgage thereon covered by the Commitment.

5.   The Company or its agent may make other requirements or exceptions upon review of the proposed documents creating the estate or interest to be insured or otherwise ascertaining details of the insured transaction.

6.   Said Premises are subject to building lines, if established, and any and all provisions of any statute, ordinance and municipal regulation, including but not limited to Zoning and Planning regulations, Inland-Wetland regulations, Flood Plan Zone regulations, and public and private law affecting said Premises.

7.   Real estate taxes to the city/town of ___Killingly_____ on the list of October 1,

20 _03_____ due and payable __July & October 1, 2004 and January & April 1, 2005_____

List # ___004162-R_____   Map _163-5____ Block _____   Lot __5_____

Assessment $     16,910.00                         ; Total Tax $    397.40; first three quarters paid,
                                                                              fourth quarter now due and
                                                                              payable.

8.   Taxes on the Grand List of October 1, 2004, not yet due and payable.

9.   Sewer use charges as may be due and payable. Call the Tax Collector at 860-779-5331 for information.

10.   Mortgage from current owners to First International Bank, N.A. in the original principal amount of $300,000.00, dated March 17, 1999 and recorded in Volume 741 at Page 18 of the Killingly Land Records.

11.   Assignment of Rentals and Leases from current owners to First National Bank of New England dated March 17, 1999 and recorded in Volume 741 at Page 40 of the Killingly Land Records.

Continued...

## SCHEDULE B

ORDER NO. CTSta147997R

12.   Mortgage from current owners to First International Bank, N.A. in the original principal amount of $150,000.00, dated March 17, 1999 and recorded in Volume 741 at Page 47, as modified by agreement dated March 21, 2000 and recorded in Volume 774 at Page 274, all of the Killingly Land Records.

13.   Assignment of Rentals and Leases from current owners to First National Bank of New England dated March 17, 1999 and recorded in Volume 741 at Page 83, as modified by agreement dated March 21, 2000 and recorded in Volume 774 at Page 274, all of the Killingly Land Records.

14.   Mortgage from current owners to First International Bank, N.A. in the original principal amount of $240,000.00, dated March 17, 1999 and recorded in Volume 741 at Page 90 of the Killingly Land Records.

15.   Assignment of Rentals and Leases from current owners to First National Bank of New England dated March 17, 1999 and recorded in Volume 741 at Page 112 of the Killingly Land Records.

*No further exceptions.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ABCO REFRIGERATION SUPPLY CORP.       :

V.                           :        Civil No. 3:02 cv 1893 (PCD)

DSM, INC. and MARTHA L. PELLECCHIA    :

### AFFIDAVIT OF STEPHEN M. KINDSETH

| | | | |
|---|---|---|---|
| State of Connecticut | ) | | |
| | ) | ss. Bridgeport | June 3, 2005 |
| County of Fairfield | ) | | |

The undersigned, Stephen M. Kindseth, being duly sworn, hereby deposes and says:

1.     I am over eighteen years of age and understand and believe in the obligation of an oath.

2.     I am a partner at Zeisler & Zeisler, P.C., the attorneys for the Defendants in the above-captioned action, and as such, I have personal knowledge of the facts attested to herein.

3.     In April 2005, a title search was ordered on the property known as 170 Geer Road, Lot 2 and Lot 3, Killingly, Connecticut (the "Properties").

4.     The title searcher represented that the Properties were not encumbered by any judgment liens.

**ZEISLER & ZEISLER, P.C.**  •  *ATTORNEYS AT LAW*
558 CLINTON AVENUE  •  P. O. BOX 3186  •  BRIDGEPORT, CONNECTICUT 06605-0186  •  (203) 368-4234  •  JURIS NO. 69625

5.    Subsequently, the title searcher was asked to recheck the land records for judgment liens properly recorded against the Properties.

6.    The defendant, Martha L. Pellecchia, was again assured that no judgment liens were properly recorded against the Properties, as evidenced by the Commitment of Title Insurance attached to the Motion for Emergency Hearing on Application to Substitute Bond with Surety for Judgment Liens at Exhibit A.

7.    On May 31, 2005, Harry M. Arters, Esq., informed the defendant that his independent search of the Town of Killingly Land Records revealed that there were, in fact, three separate judgment liens properly recorded against the Properties.

8.    If the closing on the Properties does not occur on or before Wednesday, June 15, 2005, the sale of the Properties may be lost.

_____
Stephen M. Kindseth

Subscribed and sworn to before me this 3rd day of June, 2005.

_____
Print name: Commissioner of the
Notary Public           Superior Court
My commission expires:

2
ZEISLER & ZEISLER, P.C.  •  ATTORNEYS AT LAW
558 CLINTON AVENUE  •  P. O. BOX 3186  •  BRIDGEPORT, CONNECTICUT 06605-0186  •  (203) 368-4234  •  JURIS NO. 69625

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

ABCO REFRIGERATION SUPPLY CORP.     :

V.                              :      Civil No. 3:02 cv 1893 (PCD)

DSM, INC. and MARTHA L. PELLECCHIA     :

### CERTIFICATION OF SERVICE

This is to certify that I sent a copy of the foregoing, via first-class mail, postage prepaid, on the 3rd day of June, 2005, to the following parties:

Michael Wrona, Esq.
Halloran & Sage, L.L.P.
225 Asylum Street
Hartford, CT 06103-4303

_____
Nicole L. Barber