UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ABCO REFRIGERATION SUPPLY CORP., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02 CV 1893 (PCD) |
| | : | |
| V. | : | |
| | : | |
| DSM, INC. and MARTHA L. PELLECHIA, | : | |
| Defendants. | : | JUNE 17, 2005 |

**MEMORANDUM OF LAW OBJECTING TO DEFENDANT'S, MARTHA PELLECHIA'S, APPLICATION TO SUBSTITUTE BOND WITH SURETY FOR JUDGMENT LIENS**

The Plaintiff, ABCO Refrigeration Supply Corp., hereby submits its Memorandum of Law objecting to the Defendant's Application.

**I.   STATEMENT OF FACTS**

On October 25, 2002, the Plaintiff commenced the above-captioned action by way of Complaint and Application for Prejudgment Remedy against the Defendants DSM, Inc. and Martha L. Pellechia.  On January 23, 2003, the court granted, in favor of the Plaintiff, a prejudgment remedy in the amount of $84,356.04.

A Judgment of Default entered against both Defendants on March 31, 2004 but the court did not rule on the judgment amount as it required further documentation. Further documentation was provided to the court and, on September 9, 2004, the court issued a supplemental ruling on the Plaintiff's Motion for Default Judgment and awarded the Plaintiff $84,356.04, plus interest in the amount of $51,850.84 for a total judgment amount of $136,206.88.

On November 12, 2004, the Plaintiff filed judgment liens on the property of the Defendant, Martha Pellechia.  The judgment liens were placed on the real property located at 151 Geer Road, 192 Geer Road, 194 Geer Road, 170 Geer Road, 160 Geer

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Road, 185 Geer Road, and 152 Geer Road.  All of the real property is located in the Town of Killingly, Connecticut.

On June 6, 2005, the Defendant, Martha L. Pellechia, filed a Motion for Emergency Hearing, an Application to Substitute Bond with Surety for Judgment Liens, and a Memorandum in Support of the Emergency Hearing.  In response, the Plaintiff files this Memorandum of Law objecting to the Application to Substitute.  The Plaintiff's Objection is threefold.  There is no statutory authority to grant the Defendant the relief she is seeking, the Defendant has not proven the value of Plaintiff's liens as she has not offered any evidence as to the value or equity of the parcels at issue, and the Application is procedurally incorrect as this case has concluded and the Application should have been brought as a separate action.

## II.    DISCUSSION

Connecticut General Statute § 52-380e provides judgment liens may be discharged if the judgment debtor applies to the court for discharge of the lien on substitution of either a surety bond or a lien on other properties of the judgment debtor which have equal or greater equity than the amount secured by the lien.  In addition, the court shall order such a discharge on determination of the sufficiency of the substituted bond or lien.  General Statute § 52-380e.

Given the language of the statute discussed above, there are significant problems with the Defendant's argument that the lien should be released and substituted for a "one dollar bond with surety" as requested by Defendant.  See Defendant's Motion ¶ 8.  Stated simply, there is no statutory authority for such relief.  General Statute § 52-380e only provides that a lien may be substituted for a surety

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

bond or a lien on another property.  There is no language in § 52-380e that would allow the Defendant the opportunity to substitute a one dollar surety bond in exchange for a release of the judgment lien.  The statute provides for an "either/or" scenario.  Either the Defendant posts a surety bond or the Defendant provides for a lien on other property in a greater or equal amount of the equity of the liened property   There is no statutory authority for allowing the Defendant to substitute a bond that is related to the equity of the property.  That is not how the statute was drafted and if the Connecticut legislature intended for such an interpretation it could have easily drafted the statute to read in that manner.  Under the statute, the posting of a surety bond is unrelated to the equity of the property.

The Defendant also offers no guidance as to the value or equity of the lots at issue.  The Defendant merely states that "testimony at the hearing will prove, the properties' fair market value is equal to or less than the purchase price."  See Defendant's Memo. of Law at 3.  The Defendant is content to leave the leave the Plaintiff, and the Court, to guess as to who will testify at such a hearing or what documentation he or she may rely on.  As a result, the Plaintiff and the Court are left to speculate as to what the properties may be worth.

Lastly, the Defendant's application is procedurally incorrect.  First, the Defendant's Application is not one of the pleadings allowed under F.R. Civ.P. 7.  It is not a "compulsory counterclaim" as set forth in F.R. Civ.P. 13 as it is unrelated to the Plaintiff's initial claim.  It is also not a "counterclaim maturing after pleading" as the Defendant has not obtained the permission of the Court to file the Application as required by F.R. Civ. P. 13.

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Even if the Application were considered a counterclaim, the Plaintiff's claim, and therefore the entire case, was completely resolved when the Court rendered its Judgment on September 9, 2004. Even under the most liberal interpretation of the Federal Rules of Civil Procedure, the Defendant's opportunity to file a counterclaim has passed. Alternatively, if the Application is not a counterclaim, then logically it must be brought as a separate action. Applications to discharge a lien or substitute a bond are generally brought as separate actions. See Somers Village, Inc. v. Testa Excavating Co., 10 Conn.App. 45, 49 (1987). (An application to discharge or reduce a mechanic's lien is a separate and distinct proceeding from an action to foreclose the mechanic's lien.) In furtherance of this argument, one need only look to the cases cited by the Defendant in her Memorandum. All of the cases cited by the Defendant in her Memorandum of Law also serve as examples of applications being separate and distinct actions. In all of those cases, the plaintiff brought a separate action to obtain the relief that the Defendant is seeking. For all of the reasons stated above, the Defendant's Application is procedurally incorrect.

### III. CONCLUSION

Because there is no statutory authority to grant the Defendant the relief she is seeking, the Defendant has not proven the value of Plaintiff's liens, and the Application is procedurally incorrect both because this case has concluded and it requires a separate proceeding, the Plaintiff respectfully requests that the Defendant's Application be denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Dated at Hartford, Connecticut this 17th day of June, 2005.

        PLAINTIFF,
        ABCO REFRIGERATION SUPPLY CORP.


        By_____/s/_____
        Michael S. Wrona
        Federal Bar #ct24105
        Halloran & Sage, LLP
        One Goodwin Square
        225 Asylum Street
        Hartford, CT 06103
        (860) 522-6103
        (860) 548-0006 (fax)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

      This is to certify that on this 17th day of June 2005, I hereby mailed a copy of the foregoing to:

Stephen M. Kindseth, Esq.
Nicole L. Barber, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Avenue
P.O. Box 3186
Bridgeport, CT 06605-0186

and a copy was sent via certified mail to:

Daniel Chiu, Esq.
Tarter, Krinsky & Drogin, LLP
470 Parker Avenue South
14th Floor
New York, New York 10016

                                                /s/
                                        Michael S. Wrona

699197_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105