UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ABCO REFRIGERATION SUPPLY CORP.          :

    v.                                                                            :        3:02CV01893

DSM, Inc. et als                                                      :

MEMORANDUM OF DECISION RE MOTION TO SUBSTITUTE BOND

Pending is the Application of defendant Martha L Pellecchia to substitute a bond of One Dollar ($1.00) with surety for judgment liens placed by plaintiff on two lots, ## 2 and 3, of real property known as 170 Greer Road in Killingly, Connecticut. The liens were placed on the basis of an unsatisfied judgement in the amount of $136,206.88 on the noted lots plus another of the subdivided lots at 170 Greer Road and six other parcels in which the judgment debtor allegedly has an ownership, though not the sole, interest. Movant has arranged, and seeks to consumate, a sale of lots 2 and 3 for a price of $95,000 each, a contract for which is pending and is not shown to be other than bonafide. Movant faces a deadline for a closing of the sale which has expired but has been extended. The evidence showed that the sale required clear title to the lots.

Movant's evidence suggests that attempts to sell the property without an improved access has been fruitless and thus a driveway has been completed, crossing lot 2 as permitted by an easement, and reaching lot 3. With such access offers to buy the two lots at less than $95,000 were rejected . When offers at $95,000 were received they were accepted and sales agreements were executed. The opinions of Mr. Cournoyer, the broker who arranged the sales, and Mr. Anthony Pellecchia, placed a fair market value of $95,000 on each lot. While neither was a qualified appraiser, both were familiar with the market for the properties. The evidence of efforts to sell the properties sufficed to support their opinions and absent any countering evidence the

fair market value of each lot is found to be $95,000.

The two lots plus one other lot in the parcel, lot #4, and the other properties liened by plaintiff are subject to three mortgages recorded prior to the plaintiff's liens. The unpaid principal and interest owed on the three totals $642, 820.

Movant claims that as subject to the mortgages with their priority over plaintiff's liens, no equity in either lot exists for the liens to reach. Whether the value of all of the properties liened exceeds the mortgage debts, to product an overall equity value in all of the properties, was not the subject of any evidence. It is therefor not shown that plaintiff's liens have reached any value in any of the property subject to the liens.

Movant relies on Conn. Gen. Stat. § 52-380e which, in relevant part provides:
When a lien is placed on any real or personal property [ ], the judgment debtor may apply to the court to discharge the lien on substitution of (1) a bond with surety [ ].
Movant's request is within the express language of § 52-380e. As the evidence showed no equity in the two lots, considered alone, the substitution relegates plaintiff to any equity in the other properties liened to satisfy its judgment. Plaintiff is not thereby compromised but merely delayed. As a practical matter, the sale by movant will require that the net proceeds be applied to the morgages, thus reducing their holders' claims against the remaining properties. Concomitantly it could possibly create or enhance equity in the remaining properties which could be reached by plaintiff's liens. Plaintiff is not thereby any worse off as it is the total value of the properties less the debt secured by the three mortgages that would constitute the value reached by plaintiff's liens. That value can be fixed and liquidated by a foreclosure of the liens or of the mortgages with the result of satisfying plaintiff's debt if any value exists in the properties in excess of the amounts secured by the mortgages.

As movant has shown that the discharge of plaintiff's liens on lots 2 and 3, and

substitution therefor in the form of a bond, with surety, in the amount of $1.00 is authorized by § 52-380e and is not precluded by any deprivation of plaintiff's rights accrued by its liens thereon, the application is granted. On movant's delivery to plaintiff of a surety bond in the amount of $1.00, in form satisfactory to plaintiff, plaintiff's judgment liens on lots 2 and 3 will be discharged.

SO ORDERED:

Dated at New Haven, Connecticut this 23rd day of June, 2005.

/s/
PETER C. DORSEY
UNITED STATES DISTRICT JUDGE